## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| ADOLFO RAMOS and ADOLFO RAMOS DURAN, *individually and on behalf of themselves and others similarly situated*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DULLES DRYWALL, INC.; CHARMIN CONSTRUCTION, LLC; FABIAN GONZALEZ, <br><br> *Defendants*. | Civil Action No.: |

### INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

1. Plaintiffs Adolfo Ramos and Adolfo Ramos Duran (collectively, "Plaintiffs") by and through their undersigned counsel, bring this action against Defendants Charmin Construction LLC, Dulles Drywall, Inc. and Fabian Gonzalez ("Defendants") for failing to pay their employees their legally mandated wages in violation of Section 16(b) of the Federal Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*; the Virginia Wage Payment Act, Virginia Code § 40.1-29 *et seq.*; the Virginia Minimum Wage Act, Virginia Code § 40.1-28.8 *et. seq.*; and the Virginia Overtime Wage Act, § 40.1-29.2 *et seq.*

### INTRODUCTION

2. Wage theft is rampant in the District of Columbia metropolitan area's construction industry, including in Virginia.[1] By failing to pay employees their lawfully owed wages,

---

[1] *See* "Report For Executive Order Thirty-Eight From The Inter-Agency Taskforce On Misclassification And Payroll Fraud," *available at* https://www.governor.virginia.gov/media/governorvirginiagov/governor-of-

employers deny employees benefits while simultaneously underfunding social insurance programs like Social Security, Medicaid, unemployment insurance, and workers' compensation. Defendant has engaged in such conduct, the effect of which is to deny employees on their construction sites their lawfully owed wages in violation of Federal wage and hour law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337(a) relating to "any civil action or proceeding arising under an Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the majority of events or omissions that give rise to the claim occurred in this district.

## PARTIES

5. Plaintiff Adolfo Ramos is a resident of Maryland and was employed by Defendants as a construction worker in Leesburg, Virginia.

6. Plaintiff Adolfo Ramos Duran is a resident of Maryland and was employed by Defendants as a construction worker in Leesburg, Virginia.

7. Defendant Dulles Drywall, Inc. ("DDI") is a construction company based in Chantilly, Virginia that performs construction services including framing, drywall, and insulation.

8. Defendant Charmin Construction, LLC ("Charmin") is a construction company based in Manassas, Virginia that primarily provides labor for construction projects in the Northern Virginia area.

---

*virginia/pdf/Final_Worker-Misclassification-Report.pdf* ; "Illegal Worker Misclassification: Payroll Fraud in the District's Construction Industry," Issue Brief and Economic Report, D.C. Office of the Attorney General, at 1, (Sept 2019) *available at* https://oag.dc.gov/sites/default/files/2019-09/OAG-Illegal-Worker-Misclassification-Report.pdf .

2

9. Defendant Fabian Gonzales is an owner and operator of Defendant Charmin and affiliated with Defendant DDI.

## FACTUAL ALLEGATIONS

10. In 2022 and 2023, Plaintiffs performed construction work on a project to construct a Microsoft Data Center located at 19615 Compass Creek Parkway in Leesburg, Virginia (the "Project").

11. The Weitz Company ("Weitz") was the general contractor on the Project. Weitz subcontracted some of its work to Defendant DDI. DDI subcontracted with Defendant Charmin Construction, LLC ("Charmin") to provide labor on the Project.

12. Defendant Fabian Gonzalez is an owner and operator of Charmin and was also affiliated with DDI. For work on the Project, DDI communicated with Fabian Gonzalez using the email account fgonzalez@dullesdrywall.com.

13. Plaintiffs were jointly employed to do this work by Defendants DDI, Charmin, and Fabian Gonzalez.

14. Plaintiffs' services at the Project were directed and controlled by all Defendants. Plaintiffs were supervised by DDI supervisors including Alicia and Javier. DDI provided Plaintiffs and others similarly situated with work assignments and directed, supervised, and controlled their day-to-day work. Supervision was also provided by Charmin and Gonzalez.

15. Plaintiffs and others similarly situated were provided with worksite badges that indicated they were employed by DDI.

16. DDI provided Plaintiffs and others similarly situated with certain tools to use on the worksite.

17. Plaintiffs and others similarly situated would sign in every day on a DDI sign-in sheet. Using these sign-in sheets, Defendant DDI maintained records of Plaintiffs' work hours.

18. The work Plaintiffs performed was within the usual course of Defendants' construction businesses. Plaintiffs were not engaged in work that is customarily an independently established trade, and Plaintiffs were not exempt employees.

19. All Defendants had, as a practical matter, the power to fire Plaintiffs or others similarly situated.

20. Plaintiffs and others similarly situated were prohibited from performing any work on the project without supervision by DDI.

21. Defendants jointly had input on Plaintiffs' work schedules.

22. Defendant DDI was an employer of each Plaintiff. The employer-employee relationship existed for reasons that included the following: DDI directly supervised, directed, and controlled the work of each Plaintiff, DDI had the power to fire Plaintiffs and others similarly situated, DDI required one of its employees to be present on the worksite when Plaintiffs and others similarly situated were working, DDI provided Plaintiffs and others similarly situated with tools to use on the worksite, Plaintiffs and others similarly situated had DDI badges, and DDI maintained a record of hours worked by Plaintiffs and other similarly situated.

23. Defendants Charmin and Gonzalez were employers of each Plaintiff. The employer-employee relationship existed for reasons that included the following: Charmin and Gonzalez directly supervised, directed, and controlled the work of each Plaintiff, had the power to hire and fire Plaintiffs and others similarly situated, had the power to set Plaintiffs' pay rates and to demote Plaintiffs and others similarly situated, and maintained a record of hours worked of Plaintiffs and others similarly situated.

24. By permitting Gonzalez, in communications related to the Project and to his role at Charmin, to use a DDI email and by permitting persons employed by Gonzalez and Charmin to use DDI identification badges, DDI held Gonzalez and Charmin out as persons authorized to act on behalf of DDI. Consequently, DDI, in addition to its liability to Plaintiffs and others similarly situated as a joint employer, is also liable for Gonzalez and Charmin's conduct related to the project because Gonzalez and Charmin were agents of DDI, acting with actual or apparent authority.

25. All Defendants were participants in a joint venture which employed all Plaintiffs and those similarly situated. This joint venture is evidenced by Gonzalez's use, in communications related to the Project and to his role at Charmin, of a DDI email and by the use by Plaintiffs and others similarly situated of identification badges indicating that they were employees of DDI. Consequently, as participants in a joint venture, all Defendants are, in addition to their liability as joint employers, jointly and severally liable to Plaintiffs and others similarly situated as participants in a joint venture.

26. While employed by Defendants at the Project, Plaintiffs were compensated an hourly rate. Although Plaintiffs regularly worked more than forty hours per week, they were not paid at the time and a half overtime rate for such overtime work.

27. Plaintiffs and others similarly situated usually worked 48 or more hours per week. However, Plaintiffs and other similarly situated were always compensated at the same hourly rate regardless of the numbers of hours worked per week. Plaintiffs and others similarly situated were not paid at the time and a half overtime rate for their hours over forty in any one workweek.

28. In approximately late 2022 or early 2023, Plaintiffs and others similarly situated were given checks that had insufficient funds or not paid at all. For a short time, Plaintiffs

continued to work and hoped that they would be properly paid. However, Plaintiffs and others similarly situated were not compensated for all their hours of work.

29. Defendants were required by law to maintain accurate records of the wages and hours worked at the Project for Defendants' benefit and such records, if maintained, will document in detail the work by Plaintiffs and others similarly situated that was not compensated. Such records are in the exclusive control of Defendants.

30. Defendants are jointly and severally liable for Plaintiffs' unpaid wages because they were Plaintiffs' employers and because they were involved in a joint venture employing Plaintiffs. Additionally, DDI is liable on the grounds that Charmin and Fabian Gonzalez were its agents.

## COLLECTIVE ACTION ALLEGATIONS

31. This action is maintainable as an opt-in collective action pursuant to the 29 U.S.C. § 216(b) Virginia Code § 40.1-29(J) and Virginia Code § 40.1-29.2.

32. Defendants failed to pay Plaintiffs and all others similarly situated one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek, as required by the FLSA, the Virginia Wage Payment Act, and the Virginia Overtime Act, even though Plaintiffs and all others similarly situated regularly worked more than forty hours during workweeks.

33. Defendants failed to pay Plaintiffs and all others similarly situated all their wages due for all hours worked as required by the FLSA, the Virginia Wage Payment Act, and the Virginia Wage Payment Act.

34. Defendants failed to pay Plaintiffs and all others similarly situated the minimum wage as required by the Virginia Minimum Wage Act, Virginia the Wage Payment Act , and the FLSA.

35. This action can, and should, be maintained as a collective action for all claims to unpaid overtime compensation that can be redressed under the FLSA, Virginia Wage Payment Act, and Virginia Wage Payment Act.

36. Members of the proposed collective action are similarly situated.

37. Members of the proposed collective action have been subjected to the same or substantially the same pay policies and practices.

38. Plaintiffs hereby consent to be a party plaintiffs in this action under the 29 U.S.C. § 216(b). If this case does not proceed as a collective action, Plaintiffs intend to seek relief individually.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (FLSA)

39. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

40. The FLSA requires employers to pay non-exempt employees minimum wage for all hours worked.

41. The FLSA requires employers to pay non-exempt employees an overtime premium of one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

42. Defendants violated the FLSA by knowingly failing to pay Plaintiffs and other similarly situated individuals for all their hours worked and for failing to pay one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

43. Plaintiffs were "employees" and Defendant was their "employer" under the 29 U.S.C. § 203.

44. The requirement to pay overtime and to timely pay all wages, including overtime wages, is well known in the business community.

45. Defendants' repeated failure to properly pay Plaintiffs was knowing and willful.

46. WHEREFORE, Defendants are liable to Plaintiffs, and all other similar situated individuals, under the FLSA, 29 U.S.C. § 216(b), for all unpaid wages and unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## COUNT II
## VIOLATION OF THE VIRGINIA MINIMUM WAGE ACT

47. Plaintiffs re-allege and incorporate by reference the allegation set forth in the preceding paragraphs.

48. The Virginia Minimum Wage Act prescribes the minimum wage from January 1, 2022 until January 1, 2023 to be not less than $11.00 per hour or the federal minimum wage, whichever is greater. Virginia Code § 40.1-28.10(2)(C).

49. The Virginia Minimum Wage Act prescribes the minimum wage from January 1, 2023 until January 1, 2023 to be not less than $12.00 per hour or the federal minimum wage, whichever is greater. Virginia Code § 40.1-28.10(2)(D).

50. Defendants violated the Virginia Minimum Wage Act by failing to pay Plaintiffs and others similarly situated the statutorily required minimum wage for all hours worked.

51. Plaintiffs were "employees" and Defendant was their "employer" under the Virginia Code § 40.1-28.9(A).

52. The requirement to pay overtime and to timely pay all wages, including overtime wages, is well known in the business community.

53. Defendants' repeated failure to properly pay Plaintiffs was knowing and willful.

54. WHEREFORE, Defendants are liable to Plaintiffs, and all other similar situated individuals, under the Virginia Minimum Wage Act, for all unpaid wages, plus interest at eight percent per annum upon such unpaid wages awarded from the dates said wages were due, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## COUNT III
## VIOLATION OF THE VIRGINIA OVERTIME WAGE ACT

55. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

56. The Virginia Overtime Act requires employers to pay employees overtime pursuant to the provisions of the FLSA.

57. Defendants violated the Virginia Overtime Act by failing to pay Plaintiffs and other similarly situated employees one and one-half their regularly hourly rate for hours worked in excess of forty in any one workweek.

58. Plaintiffs were "employees" and Defendant was their "employer" under the Virginia Code § 40.1-29.2.

59. The requirement to pay overtime and to timely pay all wages, including overtime wages, is well known in the business community.

60. Defendants' repeated failure to properly pay Plaintiffs was knowing and willful.

61. Plaintiffs' claims encompass all potential claims under the current Virginia Overtime Act and claims under any predecessor litigation to the extent that such predecessor litigation was in effect at the time of any violation of such predecessor litigation.

62. WHEREFORE, Defendants are liable to Plaintiffs, and all other similar situated individuals, under the Virginia Overtime Wage Act, for all unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
## VIOLATION OF THE VIRIGNIA WAGE PAYMENT ACT

63. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

64. The Virginia Wage Payment Law requires all employees to be paid at least every two weeks or twice per month. Virginia Code § 40.1-29(A).

65. Upon termination of employment, the Virginia Wage Payment law requires all employees to be paid all wages owed on or before their regular payday. Virginia Code § 40.1-29(A).

66. On each regular payday, an employer is required to provide an employee a written paystub. Virginia Code § 40.1-29(C).

67. Defendants violated the Virginia Wage Payment Act by failing to pay Plaintiffs and others similarly situated (1) all of their earned wages every two weeks or twice per month, and (2) all of their earned wages upon termination of employment.

68. Defendants violated the Virginia Wage Payment Act by failing to provide Plaintiffs and others similarly situated with paystubs.

69. Plaintiffs were "employees" and Defendant was their "employer."

70. The requirement to pay overtime and to timely pay all wages, including overtime wages, is well known in the business community.

71. Defendants' repeated failure to properly pay Plaintiffs was knowing and willful.

72. WHEREFORE, Defendant is liable to Plaintiffs, and all other similar situated individuals, under the Virginia Overtime Wage Act, for all unpaid overtime wages, plus double that amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against all Defendants on all counts, jointly and severally, and grant the following relief:

a. Award Plaintiffs and all similarly situated individuals, unpaid wages and overtime, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

b. Award Plaintiffs and all similarly situated individuals, unpaid minimum wages plus interest at eight percent per annum for all wages due under the Virginia Minimum Wage Act;

c. Award Plaintiffs and all similarly situated individuals their unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the Virginia Overtime Wage Act;

d. Award the Plaintiffs and all similarly situated individuals their unpaid wages, plus double that amount as liquidated damages, pursuant to the Virginia Wage Pahahyment Act;

e. Award Plaintiffs their reasonable attorneys' fees, costs, and expenses that they incur in the prosecution of this action;

f. Award any additional relief the Court deems just.

Dated: March 27, 2023                                    Respectfully submitted,

/s/ Rachel Nadas
Rachel Nadas, VSB # 89440
Matthew K. Handley, *pro hac vice* forthcoming
HANDLEY FARAH & ANDERSON PLLC
1201 Connecticut Avenue NW, Suite 200K
Washington, DC  20001
Telephone:    202-899-2991
email: rnadas@hfajustice.com

Matthew B. Kaplan, VSB # 51027
THE KAPLAN LAW FIRM
1100 N Glebe Rd, Suite 1010
Arlington, VA 22201
(703) 665-9529
mbkaplan@thekaplanlawfirm.com

*Attorneys for Plaintiffs*